**MEMORANDUM ENDORSEMENT**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___06/27/2022___
```

United States v. Neumann,
7:21-cr-439 (NSR)

The Court has received and reviewed the following documents: (1) the attached letter from Defendant, dated June 24, 2022, seeking a 90-day adjournment of the current briefing deadlines for pretrial motions; (2) the attached response from the Government, also dated June 24, 2022; and (3) the attached reply from the Defendant, dated June 25, 2022.

After due consideration, the Court GRANTS IN PART Defendant's request for an extension of the briefing deadlines as follows:

- Defendant's moving papers are to be filed on **July 8, 2022**;
- The Government's opposition papers are to be filed on **July 29, 2022**; and
- Defendant's reply papers are to be filed on **August 12, 2022**.

The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are filed. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are filed.

Notwithstanding the extension above, the Court will still hold the status teleconference as is currently set for **September 8, 2022, at 3:45 p.m.**

The Clerk of the Court is directed to terminate the motion at ECF No. 29.

Dated: June 27, 2022
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



**CHIESA SHAHINIAN & GIANTOMASI PC**

11 TIMES SQUARE, 34TH FLOOR
NEW YORK, NY 10036

csglaw.com

**EMIL BOVE**
ebove@csglaw.com
(O) 212.324.7265

June 24, 2022

<u>Via ECF and Email</u>
Honorable Nelson S. Román
United States District Judge
Southern District of New York
Email: Gina_Sicora@nysd.uscourts.gov

**Re:    <u>United States v. Joseph Neumann, No. 21 Cr. 439 (NSR)</u>**

Dear Judge Román:

Mr. Neumann respectfully submits this letter seeking a 90-day adjournment of the July 1, 2022 deadline for filing pretrial motions and corresponding adjustments of the related briefing schedule.

As the Court is aware, Mr. Neumann retained new counsel yesterday.  The requested adjournment is appropriate in order to allow time for counsel to work with Mr. Neumann to review discovery, evaluate potential pretrial motions, and engage in plea negotiations.  Mr. Neumann understands that the government opposes this request.  However, this is Mr. Neumann's first substitution of counsel and first request for an adjournment of the pretrial motions deadline.  Although there were a series of orders of continuance obtained by the government after Mr. Neumann was charged by Complaint in November 2019, *see* 19 Mag. 110886 (S.D.N.Y.), the government elected to seek those adjournments rather than proceed with the case, and it cannot reasonably hold those decisions against Mr. Neumann at this point.  The Indictment was filed less than a year ago, during a pandemic that has had a severe impact on Mr. Neumann in light of his diminished health.  The Court acknowledged the pandemic as recently as its May 20, 2022 scheduling order.  (Dkt. No. 24). Discovery was not complete as of March 2022.  Specifically, in a March 11, 2022 submission by Mr. Neumann, the government consented to an adjournment based on not only the voluminous nature of the discovery that had been produced to date, but also the fact that the government "will be producing

**NEW JERSEY**                                                              **NEW YORK**

June 24, 2022
Page 2

a small volume of additional discovery." (Dkt. No. 20). And there is no trial date. For all of these reasons, Mr. Neumann respectfully submits that the Court should adjourn the pretrial motions schedule by 90 days.

Respectfully submitted,

/s/ Emil Bove
Emil Bove
Lee Vartan
Chiesa Shahinian & Giantomasi PC
11 Times Square, 34th Floor
New York, NY 10036
(212) 324 7265
ebove@csglaw.com

*Attorneys for Joseph Neumann*

Cc:     Counsel of Record
        (Via ECF)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

June 24, 2022

**BY EMAIL AND ECF**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

     Re: ***United States v. Joseph Neumann*, 21 Cr. 439 (NSR)**

Dear Judge Román:

     The Government writes in opposition to anticipated substitute counsel's request for a three-month adjournment of the motions schedule. As set forth below, the defense requested adjournments of this matter for nearly 15 months when the case was first charged by complaint in November 2019, and has requested multiple adjournments of the matter while it has been pending in this Court for nearly a year. The defendant has also known about the impending motions deadline and has chosen to retain substitute counsel just seven days before motions are due. The Government understands that counsel of record is ready to file motions by the Court's July 1, 2022 deadline. Given the lengthy history of this case, the defendant's request for a three-month adjournment is unreasonable and unwarranted.

     By way of background, the Government charged the defendant by complaint on November 19, 2019. As reflected on the docket, the defense requested that the Government refrain from charging the matter by indictment for nearly ten months while the defense prepared a deferred prosecution request. *See, e.g.*, Dkt. No. 89 (Stipulation in Support of Application for a 9th or Subsequent Order of Continuance and 9th Order of Continuance). The Government accommodated the defendant's request despite the unusually long length of time. The Government also accommodated the defendant's multiple appeals of the Government's denial of the defendant's deferred prosecution request within the U.S. Attorney's Office. The defendant continued to request that the Government refrain from charging the matter by indictment while the parties engaged in plea negotiations. Again, the Government consented. However, those plea negotiations ultimately failed and the Government obtained an indictment from the grand jury in or about July 2021.

The Government produced the lion's share of the discovery in this matter in October 2021.[1] Importantly, this discovery contained the recordings of the meetings between the Government's cooperating witness (the "CW") and Neumann and the IRS' documents supporting the tax charges. The Government anticipates that these recordings and documents will make up the bulk of the Government's case at trial. The Government thereafter made several additional productions of materials that were largely duplicative of the October 2021 production or related to the underlying investigation of the CW (which more closely constitutes *Giglio* evidence rather than Rule 16 discovery). For instance, the Government's final production in March 2022 consisted of just 17 documents on matters immaterial to the defendant's contemplated motions.[2] One of the documents contained a copy of the Schedule C from the defendant's individual tax return—a document which had already been produced earlier in discovery. It is therefore misleading to say that discovery concluded in March 2022. The defendant has had nearly eight months to review the core of the discovery in this matter.

The defendant was free and capable of substituting counsel during the nearly 30 months that this case has been pending. Counsel of record, who is highly experienced and thoroughly familiar with this case, is prepared to file motions on the July 1, 2022 deadline set by the Court. The Government respectfully submits that if the Court grants current counsel's request to be relieved, the Court should do so after current counsel files his motions. New counsel can then review those motions and supplement them if he deems it necessary in thirty days. In the alternative, the Court should grant substitute counsel a reasonable time to file motions not to exceed thirty days.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:      _____/s/_____
Mathew Andrews
Assistant United States Attorney
Tel: (212) 637-6526

---

[1] The Government first produced the discovery via hard drive to defense counsel in July 2021. In September 2021, defense counsel notified the Government that it was unable to open the hard drive. The Government accordingly reproduced the discovery shortly thereafter.

[2] The Government understands that counsel of record's anticipated motions do not seek suppression of any particular evidence. Instead, counsel of record intends to argue: (1) that the Title 18 and Title 26 charges were improperly joined on the same indictment; and (2) that there is an inadequate factual basis for Count Five (conspiracy to operate an unlicensed money transmitting business). The October 2021 production contained all the documents necessary for these motions.

**Sheppard**Mullin

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Michael J. Gilbert
212.896.0611 direct
mgilbert@sheppardmullin.com

File Number:  79NM-338314

June 25, 2022

Honorable Nelson Stephen Roman
United States District Court
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *United States v. Joseph Neumann*
       21-cr-00439-NSR

Dear Judge Roman:

Mr. Neumann is an 80 year old man with no criminal history whatsoever, charged with non-violent offenses. His right to be represented by the counsel of his choice in every phase of a criminal case that will determine the course of the remainder of his life should not be brushed aside, as the government suggests. The pending application is Mr. Neumann's first request to substitute counsel and his first request to adjourn the deadline for filing pre-trial motions.

The government chose to wait until November 2019 to file a complaint relating to events that took place in 2014-2015.  The government was fully aware of the conduct at the time it occurred, since the government's own cooperating witness, who met with government agents both before and after each of the meetings that form the basis for the charges, was a critical participant.  Following Mr. Neumann's arrest, the government made each request to the Magistrate Judge for the orders of continuance referenced in its letter.  Over the course of approximately nine months following Mr. Neumann's indictment, the government repeatedly asserted that its discovery production was not complete, even though the government had been investigating Mr. Neumann for many years.  At any one of the pre-trial conferences at which this Court presided, the government could have requested a trial date, but chose not to do so. There is simply no basis to place blame on Mr. Neumann for what the government now seeks to characterize as unwarranted delay.

The government will not be prejudiced in any way if Mr. Neumann is permitted to have new counsel make his own assessment of which pre-trial motions, if any, are appropriate and determine the best strategy to present those motions to the Court.

**Sheppard**Mullin

Respectfully submitted,

Michael J. Gilbert
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4893-7558-9393.1

cc:      Assistant U.S. Attorney Mat Andrews
         Emil Bove, Esq.